UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JAMES GREGORY BARRETT,<br><br>                                            Debtor.<br>_____<br><br>JAMES GREGORY BARRETT,<br><br>                                            Appellant,<br><br>v.<br><br>SALTON SEA ESTATES III, LLC,<br><br>                                            Appellee. | Case No.:  22-CV-222 JLS (WVG)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF No. 1-4) |

Presently before the Court is Appellant James Gregory Barrett's Motion to Proceed In Forma Pauperis ("IFP") ("Mot.," ECF No. 1-4).  Appellant, proceeding pro se, initiated this bankruptcy appeal on February 17, 2022.  *See generally* ECF No. 1

All parties instituting a bankruptcy appeal must pay a filing fee of $298, *see* Fed. R. Bankr. P. 8003(a)(3)(C) ("The notice of appeal must . . . be accompanied by the prescribed filing fee."); 28 U.S.C. § 1930(c) ($5 appeal fee); Bankruptcy Court Miscellaneous Fee Schedule item 14 ($293 for appeal), unless they are granted leave to proceed IFP.  *See* 28 U.S.C. § 1915(a).  A federal court may authorize the commencement of an action if the

party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee.  28 U.S.C. § 1915(a).  A party need not "be absolutely destitute" to proceed IFP.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'"  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Id.*  "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar."  *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D. R.I. 1984).

Here, it appears that Appellant and his wife make a combined $1,689 per month.  *See* IFP Mot. at 1–2.  It is unclear to the Court, however, whether Appellant has attempted to split certain assets and expenses between himself and his wife.  For example, it is unclear whether Appellant and his wife have a total of $70.68 in their checking account or whether they collectively have $141.36, which Appellant has represented as each of them having $70.68.  *See id.* at 2.  Similarly, it is unclear whether Appellant and his wife spend $107.50 or $215 per month for their rent or mortgage payment.  *See id.* at 4.  This confusion permeates Appellant's monthly expenses.  *See id.* at 4–5.  Additionally, Appellant has not detailed his assets in sufficient clarity for the Court to fully evaluate Appellant's financial situation.  Appellant list $5,000 in "[o]ther real estate" and $12,500 in "[o]ther assets" without clarifying what these assets are.  The Court finds that Appellant does not allege poverty with particularity, definiteness, or certainty; therefore, he is not entitled to proceed IFP.

Because the Court is unable to determine from the present affidavit whether requiring Appellant to pay the $298 filing fee would result in his inability to afford the necessities of life, the Court **DENIES WITHOUT PREJUDICE** Appellant's IFP Motion

(ECF No. 1-4).  Appellant is **GRANTED** <u>twenty-one (21) days</u> from the date on which this Order is electronically docketed to either (1) pay the entire $298 filing fee or (2) file a renewed Motion to Proceed IFP that clarifies the deficiencies identified in this Order. Should Appellant elect to file another IFP Motion, he must make clear what he and his wife's total monthly income and expenses are and clarify his assets.  If Appellant fails to pay the $298 filing fee in full or submit a renewed Motion to Proceed IFP within twenty-one (21) days, the Court will dismiss this action without prejudice.

> **IT IS SO ORDERED**.

Dated:  March 11, 2022

Hon. Janis L. Sammartino
United States District Judge