1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In re

JAMES GREGORY BARRETT,

                                             Debtor.

_____

JAMES GREGORY BARRETT,

                                             Appellant,

v.

SALTON SEA ESTATES III, LLC,

                                             Appellee.

Case No.:  3:22-cv-222-RBM-BGS
Bankruptcy Case No.:  21-3295-MM13
Adversary Case No.:  21-90090-MM

**ORDER DENYING APPELLEE'S MOTION TO DISMISS**

**[Doc. 13]**

Before the Court is Appellee Salton Sea Estates III, LLC's ("Appellee") July 11, 2022 motion to dismiss Appellant James Gregory Barrett's ("Appellant") appeal of the Bankruptcy Court's order remanding Appellant's wrongful foreclosure case back to state court. (Doc. 13.)  Appellant filed a response to the motion on August 23, 2022.  (Doc. 18.) The Court finds this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Having considered the parties' submissions and for the reasons set

1

forth below, the Court **DENIES** the motion to dismiss.

## BACKGROUND

The Court recounted the factual and procedural background of this case and two related cases in its order affirming the bankruptcy court's order dismissing Appellant's bankruptcy case. *See In re James Gregory Barrett*, No. 22-cv-78-RBM-BGS, Doc. 28 (S.D. Cal. Sept. 27, 2022). The Court incorporates by reference the background as set forth therein, and briefly states below those facts relevant to the instant motion.

On June 3, 2015, Appellant and his spouse obtained a loan from Salton Sea Estates III, LLC ("SSE"), which was reflected in a promissory note secured by a deed of trust encumbering the real property located at 2566 Sea Urchin Avenue, Salton City, California ("Property"). In approximately December 2016, Appellant defaulted under the note. SSE, as trustee under the Deed of Trust, completed a foreclosure sale of the Property on April 11, 2018. A series of litigation in state court has ensued related to the Property: a quiet title suit, an unlawful detainer suit, and a wrongful foreclosure suit.

Appellant filed a bankruptcy petition August 13, 2021—approximately two months after the state court entered judgment on the quiet title action and merely weeks after trial concluded in the unlawful detainer action. *See In re James Gregory Barrett*, Bk. No. 21-03295-MM, Doc. 1 (Bankr. S.D. Cal. Aug. 13, 2021). On October 27, 2021, Appellant removed the unlawful detainer action to the bankruptcy court, which was filed as an adversary case to the bankruptcy case. *See Salton Sea Estates III, LLC v. James Barrett*, Bk. No. 21-90087-MM, Doc. 1 (Bankr. S.D. Cal. Oct. 27, 2021). Appellant also removed the wrongful foreclosure action to the bankruptcy court on October 29, 2021, which was also filed as an adversary case. *See James Barrett v. Salton Sea Estates III, LLC*, Bk. No. 21-90090-MM, Doc. 1 (Bankr. S.D. Cal. Oct. 29, 2021).

On January 10, 2022, the bankruptcy court dismissed Appellant's bankruptcy case for cause finding Appellant failed to demonstrate that he proposed the plan in good faith as required under 11 U.S.C. § 1325(a)(3) and (7). *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 68 (Bankr. S.D. Cal. Jan. 10, 2022). The bankruptcy court

2

then remanded both the unlawful detainer and wrongful foreclosure actions back to state court.  *See Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 20 (Bankr. S.D. Cal. Feb. 17, 2022); *Barrett*, Bk. No. 21-90090-MM, Doc. 19 (Bankr. S.D. Cal. Feb. 17, 2022).  Appellant has appealed both remand orders.  *See In re James Gregory Barrett*, 22-cv-221-RBM-BGS, Doc. 1 (S.D. Cal. Feb. 17, 2022); *In re James Gregory Barrett*, 22-cv-222-RBM-BGS, Doc. 1 (S.D. Cal. Feb. 17, 2022).  On September 27, 2022, the undersigned affirmed the bankruptcy court's order dismissing the bankruptcy case.  *See In re James Gregory Barrett*, No. 22-cv-78-RBM-BGS, Doc. 28 (S.D. Cal. Sept. 27, 2022).  Now the Court turns to the July 11, 2022 motion to dismiss the appeal of the bankruptcy court's order remanding the adversary case to state court.  (Doc. 13.)

## DISCUSSION

Appellee seeks dismissal of this appeal on the ground that Appellant failed to timely file his appellate brief pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(4).  Rule 8018(a)(4) provides:

> (a) The following rules apply unless the district court or BAP by order in a particular case excuses the filing of briefs or specifies different time limits:
>
> (4) If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion.  An appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission.

Federal Rule of Bankruptcy Procedure 9006(b)(1) permits an extension of time under the rules where "on motion made after the expiration of the specified time period permit the act to be done where the failure to act was the result of excusable neglect."  The excusable neglect standard permits courts to "accept late filings caused by inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).  The court takes into account all relevant circumstances, including the danger of prejudice, the length of delay and its potential impact on judicial proceedings, the reason for the delay,

and whether the movant acted in good faith.  *Id.* at 395 (internal citation omitted).

The procedural history in this case is relevant for purposes of analyzing excusable neglect.  Appellant filed a motion to proceed *in forma pauperis* ("IFP motion") at the time of filing his notice of appeal.  (Doc. 1-4.)  District Judge Janis L. Sammartino denied the IFP motion without prejudice and granted Appellant up through April 1, 2022, to file a renewed IFP motion.  (Doc. 5.)  The transmittal of perfected record on appeal was docketed on April 4, 2022.[1]  (Doc. 6).  The next day, on April 5, 2022, the Court dismissed Appellant's appeal without prejudice for failure to pay the filing fee or file a renewed IFP.  (Doc. 7.)  On April 6, 2022, this case was reassigned to U.S. District Judge Todd W. Robinson.  (Doc. 8.)  On April 7, 2022, Judge Robinson issued an order vacating Judge Sammartino's April 5th dismissal order, reinstating the appeal, and stating that an appellate briefing schedule would follow.  (Doc. 9.)  That same day, this case was reassigned to the undersigned.  (Doc. 10.)

On May 11, 2022, the undersigned issued a bankruptcy scheduling order instructing Appellant to file his opening brief no later than June 10, 2022.  On July 19, 2022, the Court issued an order to show cause ("OSC") by July 26, 2022 why the case should not be dismissed for Appellant's failure to comply with the Court's May 11, 2022 scheduling order and for failure to prosecute.  (Doc. 14.)  On July 27, 2022, Appellant filed a memorandum of points and authorities explaining that he did not file an opening brief to his bankruptcy appeal because he never received a copy of the Court's May 11 scheduling order.  (Doc. 15.)  Appellant requested 14 days to file his opening brief.  (*Id.* at 2.)  Given Appellant's response, the Court dissolved the OSC and granted Appellant an extension of time to respond to Appellee's motion to dismiss up through August 23, 2022.  (Doc. 16.)  On August 23, 2022, Appellant simultaneously filed a response to the motion to dismiss

---

[1] Typically, the transmittal sets the appellate briefing deadline, which would have been on or about May 4, 2022.  *See* Fed. R. Bankr. P. 8018(a)(1) (stating, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.")

and his opening brief on appeal.  (Docs. 18, 19.)  Appellant's response to the motion to dismiss reiterates that he did not timely file his appellate brief because he did not receive service of the briefing schedule by mail.  (Doc. 18 at 2.)

Here, the underlying circumstances do not show Appellant ignored the rules or made a mistake construing the rules.  *See Pioneer*, 507 U.S. at 392 (stating "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'").  Appellant, a pro se litigant, is entitled to receive paper copies of all electronically filed documents.  *See* Electronic Case Filing Admin. Policies and Procedures Manual, § 2(d)(2) (S.D. Cal. Sept. 27, 2022) (stating "[a] party who is not a registered participant of CM/ECF is entitled to service of a paper copy of any electronically filed document.").  The Court finds credible Appellant's allegation that he had no notice of the Court's order setting the appellate briefing schedule, as the docket reflects that Appellant did not receive the April 7, 2022 transfer order because the mail was returned undeliverable.  (*See* Doc. 11.)  Appellant has also demonstrated good faith, as he timely filed his response to the motion to dismiss and he already filed his opening brief on appeal. While there has been a short delay in this case due to the service issue, it has not otherwise impacted the judicial proceedings.  The bankruptcy appeal (Case No. 22-cv-78-RBM-BGS) was pending a ruling until September 27, 2022.  *See supra* pp. 2-3.  Finally, neither party has argued that they have been prejudiced by the delayed appellate briefing. Accordingly, the Court finds any neglect of Appellant excusable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the reasons above, the Court **<u>DENIES</u>** Appellee's motion to dismiss.  The Court further **ORDERS** that Appellee file its response to the appellant brief (Doc. 17) no later than **November 1, 2022**.

**IT IS SO ORDERED.**

DATE:  October 25, 2022

_____

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:22-cv-222-RMB-BGS