# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JAMES GREGORY BARRETT,<br><br>Debtor. | Case No.:  3:22-cv-222-RBM-BGS<br>Bankruptcy Case No.:  21-3295-MM13<br>Adversary Case No.:  21-90090-MM<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER REMANDING WRONGFUL FORECLOSURE ACTION BACK TO STATE COURT** |
| JAMES GREGORY BARRETT,<br>Appellant,<br>v.<br>SALTON SEA ESTATES III, LLC,<br>Appellee. | **[Doc. 17]** |

Before the Court is Appellant James Gregory Barrett's ("Appellant") appeal of the bankruptcy court's order remanding Appellant's wrongful foreclosure case back to state court.  (Doc. 17.)  Appellee Salton Sea Estates III, LLC ("Appellee") filed a responsive brief on November 1, 2022.  (Doc. 21.)  Having considered the parties' submissions and

for the reasons set forth below, the bankruptcy court's order is **AFFRIMED**.

## BACKGROUND

The Court recounted the factual and procedural background of this case and two related cases in its order affirming the bankruptcy court's order dismissing Appellant's underlying bankruptcy case.[1]  *See In re James Gregory Barrett*, No. 22-cv-78-RBM-BGS, Doc. 28 (S.D. Cal. Sept. 27, 2022).  The Court incorporates by reference the background as set forth therein, and briefly states below those facts relevant to the instant appeal.

On June 3, 2015, Appellant and his spouse obtained a loan from Salton Sea Estates III, LLC ("SSE"), which was reflected in a promissory note secured by a deed of trust encumbering the real property located at 2566 Sea Urchin Avenue, Salton City, California ("Property").  In approximately December 2016, Appellant defaulted under the note.  SSE, as trustee under the Deed of Trust, completed a foreclosure sale of the Property on April 11, 2018.  A series of litigation in state court has ensued related to the Property:  a quiet title suit, an unlawful detainer suit, and a wrongful foreclosure[2] suit.

Appellant filed a bankruptcy petition on August 13, 2021—approximately two months after the state court entered judgment on the quiet title action and merely weeks after trial concluded in the unlawful detainer action.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM, Doc. 1 (Bankr. S.D. Cal. Aug. 13, 2021).  On October 27, 2021, Appellant removed the unlawful detainer action to the bankruptcy court, which was filed as Adversary Case Number 21-90087 to the bankruptcy case.  *See Salton Sea Estates III,*

---

[1] Appellant has filed a motion for rehearing as to this ruling.  *See In re James Gregory Barrett*, No. 22-cv-78-RBM-BGS, Doc. 30 (S.D. Cal. Oct. 5, 2022).  Neither Appellant nor Appellee have filed a motion to stay the instant appeal pending a decision on the motion for rehearing in Case No. 22-cv-78.

[2] On August 12, 2021, Appellant filed a lawsuit in state court against Salton Sea Estates and others asserting claims for wrongful foreclosure, slander of title, and quiet title (Case No. ECU002020).  On September 30, 2021, Appellant filed an amended complaint asserting an additional cause of action for defamation.  The Court refers to Case No. ECU002020 collectively as the "wrongful foreclosure" action.

1  *LLC v. James Barrett*, Bk. No. 21-90087-MM, Doc. 1 (Bankr. S.D. Cal. Oct. 27, 2021). Appellant also removed the wrongful foreclosure action to the bankruptcy court on October 29, 2021, which was also filed as Adversary Case Number 21-90090. *See James Barrett v. Salton Sea Estates III, LLC*, Bk. No. 21-90090-MM, Doc. 1 (Bankr. S.D. Cal. Oct. 29, 2021). On January 10, 2022, the bankruptcy court dismissed Appellant's underlying bankruptcy case for cause finding Appellant failed to demonstrate that he proposed the plan in good faith as required under 11 U.S.C. § 1325(a)(3) and (7). *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 68 (Bankr. S.D. Cal. Jan. 10, 2022). Appellant filed a notice of appeal of this decision on January 20, 2022. *Barrett*, Bk. No. 21-03295-MM13, Doc. 73 (Bankr. S.D. Cal. Jan. 20, 2022); *see In re James Gregory Barrett*, No. 22-cv-78-RBM-BGS, Doc. 1 (S.D. Cal. Jan. 20, 2022).

On January 24, 2022, in both adversary cases, the bankruptcy court issued an order to show cause ("OSC") why the unlawful detainer and wrongful foreclosure actions should not be remanded back to state court given the bankruptcy court's dismissal of the underlying bankruptcy case. *See Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 7 (Bankr. S.D. Cal. Jan. 24, 2022); *Barrett*, Bk. No. 21-90090-MM, Doc. 8 (Bankr. S.D. Cal. Jan. 24, 2022). The court then issued its tentative ruling on the OSCs on February 15, 2022. *Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 12 (Bankr. S.D. Cal. Feb. 15, 2022); *Barrett*, Bk. No. 21-90090-MM, Doc. 12 (Bankr. S.D. Cal. Feb. 15, 2022). The bankruptcy court held a hearing on February 17, 2022 at 10:00 a.m., concurrently addressing the OSCs in both adversary cases. *Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 20 (Bankr. S.D. Cal. Feb. 17, 2022); *Barrett*, Bk. No. 21-90090-MM, Doc. 19 (Bankr. S.D. Cal. Feb. 17, 2022). That same day, in both adversary cases, Appellant filed a notice of appeal of the bankruptcy court's order remanding the unlawful detainer and wrongful foreclosure actions back to state court. *Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 14 (Bankr. S.D. Cal. Feb. 17, 2022); *Barrett*, Bk. No. 21-90090-MM, Doc. 14 (Bankr. S.D. Cal. Feb. 17, 2022).

/ / /

After the OSC hearings, the bankruptcy court issued minute orders[3] in both adversary cases sustaining its tentative rulings and remanding both the unlawful detainer and wrongful foreclosure actions back to state court. *Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 20 (Bankr. S.D. Cal. Feb. 17, 2022); *Barrett*, Bk. No. 21-90090-MM, Doc. 19 (Bankr. S.D. Cal. Feb. 17, 2022). The Clerk of Court issued notices of remand for both actions on February 22, 2022. *Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 27 (Bankr. S.D. Cal. Feb. 22, 2022); *Barrett*, Bk. No. 21-90090-MM, Doc. 24 (Bankr. S.D. Cal. Feb. 22, 2022).

Appellant has appealed both remand orders, and the instant appeal concerns remand of the wrongful foreclosure action. *See In re James Gregory Barrett*, 22-cv-221-RBM-BGS, Doc. 1 (S.D. Cal. Feb. 17, 2022); *In re James Gregory Barrett*, 22-cv-222-RBM-BGS, Doc. 1 (S.D. Cal. Feb. 17, 2022). On September 27, 2022, the undersigned affirmed the bankruptcy court's order dismissing the underlying bankruptcy case. *See In re James Gregory Barrett*, No. 22-cv-78-RBM-BGS, Doc. 28 (S.D. Cal. Sept. 27, 2022); *see supra* n. 1.

The issue on appeal concerns whether the bankruptcy court exceeded its jurisdiction in remanding Adversary Case Number 21-90090 (i.e., the wrongful foreclosure action) to state court during the pendency of the appeal on the order dismissing the underlying bankruptcy case. (Doc. 17 at 5.)

## LEGAL STANDARD

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges. 28 U.S.C. § 158(a). The district court acts as an appellate court, "review[ing] the bankruptcy court's findings for clear error and its conclusions of law de novo." *In re Smith*, 235 F.3d 472, 475 (9th Cir. 2000); *In re Clark*, 262 B.R. 508,

---

[3] The minute orders have a filing date of February 17, 2022, although the orders were entered on February 18, 2022. *See generally Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 20 (Bankr. S.D. Cal. Feb. 17, 2022); *Barrett*, Bk. No. 21-90090-MM, Doc. 19 (Bankr. S.D. Cal. Feb. 17, 2022).

514 (B.A.P. 9th Cir. 2001). "Decisions committed to the bankruptcy court's discretion will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which the bankruptcy court rationally could have based that decision." *In re Conejo Enters., Inc.* 96 F.3d 346, 351 (9th Cir. 1996) (internal quotes and citation omitted). The court reviews de novo whether the bankruptcy court is properly exercising its jurisdiction. *In re Rains*, 428 F.3d 893, 903 (9th Cir. 2005) (citation omitted).

## DISCUSSION

The issue is whether the appeal of the underlying bankruptcy case deprived the bankruptcy court of jurisdiction to remand the wrongful foreclosure action back to state court. The Court finds that the bankruptcy court acted within its jurisdiction when it issued its remand order.

"It is generally true that the timely filing of a notice of appeal divests the [lower] court of jurisdiction." *In re Rains*, 428 F.3d at 903 (citation omitted). This rule is "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Neary v. Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000). However, this rule is not absolute. *Id.* For example, a lower court has jurisdiction to take actions that preserve the status quo during the pendency of an appeal, but "may not finally adjudicate substantial rights directly involved in the appeal." *Id.* (internal quotes and citation omitted). Absent a stay or supersedeas, the lower court "also retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment." *Id.* (citations omitted).

Appellant contends the issue in this adversary case—title to the Property—is directly and inextricably intertwined with the issues on appeal in the underlying bankruptcy case, therefore, the bankruptcy court exceeded its jurisdiction to remand the adversary case. (Doc. 17 at 5.) This argument misses the point. As an initial matter, the thrust of the bankruptcy dismissal and subsequent appeal concerned Appellant's lack of good faith in filing for bankruptcy. *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Docs. 68, 70. The bankruptcy court's dismissal order found it did not need to make any legal

determinations of title to the Property, and this Court has since affirmed that ruling. *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 68 at 5-6; *In re James Gregory Barrett*, No. 22-cv-78-RBM-BGS, Doc. 28 at 9-11 (S.D. Cal. Sept. 27, 2022). As to the remand order on appeal, the bankruptcy court found the adversary cases had no purpose to remain in bankruptcy court because each adversary case merely concerned property which *could have* been encompassed within since-dismissed bankruptcy estate. *Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 12 at 2; *Barrett*, Bk. No. 21-90090-MM, Doc. 12 at 2. In remanding the adversary cases back to state court, the bankruptcy court's action simply enforced and/or effectuated the dismissal order. *Neary*, 222 F.3d at 1190; *In re Rains*, 428 F.3d at 904. Appellant offered no evidence that the bankruptcy court's remand order changed the status quo or materially altered the issues in the underlying bankruptcy appeal. And for good reason: the remand order did not revisit any findings at issue in the appeal of the underlying bankruptcy case. *Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 12 (Bankr. S.D. Cal. Feb. 15, 2022); *Barrett*, Bk. No. 21-90090-MM, Doc. 12 (Bankr. S.D. Cal. Feb. 15, 2022). Finally, neither party sought to stay either adversary case pending appeal of the underlying bankruptcy dismissal. *See generally Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM; *Barrett*, Bk. No. 21-90090-MM. Accordingly, the bankruptcy court acted within its jurisdiction when it remanded the unlawful detainer and wrongful foreclosure actions back to state court.

## CONCLUSION

For the reasons above, the Court **AFFIRMS** the bankruptcy court's order remanding the wrongful foreclosure action back to state court. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

DATE: January 23, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE